UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ILEENE CAIN,

                Plaintiff,

       -against-

MERCY COLLEGE, et al.,

                Defendants.

20-CV-2262 (LLS)

ORDER

---

LOUIS L. STANTON, United States District Judge:

Plaintiff filed this action *pro se*. On February 25, 2021, the Court dismissed the complaint, under 28 U.S.C. § 1915(e)(2)(B)(ii), for failure to state a claim upon which relief may be granted. Plaintiff appealed the judgment, and on July 13, 2022, the United States Court of Appeals for the Second Circuit issued its mandate affirming the dismissal. (ECF 15.)

On March 8, 2023, Plaintiff filed a letter requesting that this action be reopened (ECF 18), a motion requesting that a letter be filed under seal (ECF 19), and a motion seeking the appointment of *pro bono* counsel (ECF 17).[1] For the reasons set forth below, the Court denies the motions.

## DISCUSSION

**A.    Motion for Reconsideration under Fed. R. Civ. P. 60(b)**

The Court liberally construes Plaintiff's motion to reopen as a motion for relief from a judgment or order under Rule 60(b) of the Federal Rules of Civil Procedure. *See Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006); *see also Tracy v. Freshwater*, 623 F.3d 90, 101 (2d Cir. 2010) (The solicitude afforded to *pro se* litigants takes a variety of forms,

---

[1] Plaintiff's motion to seal the letter has been restricted to the parties of this action, until a ruling on her motion.

including liberal construction of papers, "relaxation of the limitations on the amendment of pleadings," leniency in the enforcement of other procedural rules, and "deliberate, continuing efforts to ensure that a pro se litigant understands what is required of him") (citations omitted).

Under Fed. R. Civ. P. 60(b), a party may seek relief from a district court's order or judgment for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or other misconduct of an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason justifying relief.

Fed. R. Civ. P. 60(b). A motion based on reasons (1), (2), or (3) must be filed "no more than one year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c)(1).

The Court has considered Plaintiff's arguments under Rule 60(b). With respect to the reasons set forth in clauses (1)-(3), because she filed this motion more than one year after entry of judgment, these reasons cannot apply. As for reasons set forth in clauses (4) and (5), even under a liberal interpretation of her motion, Plaintiff has failed to demonstrate that these grounds apply. Therefore, the motion under any of these clauses is denied.

To the extent that Plaintiff seeks relief under Fed. R. Civ. P. 60(b)(6), the motion is also denied. "[A] Rule 60(b)(6) motion must be based upon some reason other than those stated in clauses (1)-(5)." *United Airlines, Inc. v. Brien*, 588 F.3d 158, 175 (2d Cir. 2009) (quoting *Smith v. Sec'y of HHS*, 776 F.2d 1330, 1333 (6th Cir. 1985)). A party moving under Rule 60(b)(6) cannot circumvent the one-year limitation applicable to claims under clauses (1)-(3) by invoking the residual clause (6) of Rule 60(b). *Id.* A Rule 60(b)(6) motion must show both that the motion was

filed within a "reasonable time" and that "'extraordinary circumstances' [exist] to warrant relief." *Old Republic Ins. Co. v. Pac. Fin. Servs. of America, Inc.*, 301 F.3d 54, 59 (2d Cir. 2002) (per curiam) (citation omitted).

Plaintiff has failed to demonstrate that extraordinary circumstances exist to warrant relief under Fed. R. Civ. P. 60(b)(6). *See Ackermann v. United States*, 340 U.S. 193, 199-202 (1950).

**B.     Motion to Seal**

Plaintiff has submitted to the court a December 17, 2020 letter from the President of Mercy College, addressed to the college community. The letter describes an incident that occurred on the Zoom platform, presumably during a Mercy College class or event, that involved "racist remarks and disturbing imagery." (ECF 19, at 2.) Plaintiff requests that this letter be sealed because she "firmly believes the sensitive information contained in the attached letter can have a rippling effect if it were viewed by sources unfamiliar with the claims yet to be litigated." (ECF 19, at 1.) She argues that the "letter poses sensitive information related to the claims Plaintiff brought before this Court against Defendants named in the above action." (*Id.*) Plaintiff's motion is denied.

Both the common law and the First Amendment protect the public's right of access to court documents. *See Nixon v. Warner Comms., Inc.*, 435 U.S. 589, 597-99 (1978); *Hartford Courant Co. v. Pellegrino*, 380 F.3d 83, 91-92 (2d Cir. 2004). This right of access is not absolute, and "the decision as to access [to judicial records] is one best left to the sound discretion of the trial court, a discretion to be exercised in light of the relevant facts and circumstances of the particular case." *Nixon*, 435 U.S. at 599 (footnote omitted).

Ordinarily, when a party asks for the sealing of a document, district courts rely on a three-part analysis to determine whether a document relating to a lawsuit should be made available to the public. *See Lugosch v. Pyramid Co.*, 435 F.3d 110, 119-20 (2d Cir. 2006). First, the court

must determine whether the document is indeed a "judicial document," to which the public has a presumptive right of access. *Id.* at 119. Judicial documents are those that are "relevant to the performance of the judicial function and useful in the judicial process." *Id.* (internal quotation marks and citation omitted).

Second, if the court determines that the materials to be sealed are judicial documents, then the court must determine the weight of the presumption of access. *Id.* "[T]he weight to be given the presumption of access must be governed by the role of the material at issue in the exercise of Article III judicial power and the resultant value of such information to those monitoring the federal courts." *United States v. Amodeo*, 71 F.3d 1044, 1049 (2d Cir. 1995). Finally, "the court must balance competing considerations against" the presumption of access. *Lugosch*, 435 F.3d at 120 (internal quotation marks and citation omitted). "Such countervailing factors include but are not limited to the danger of impairing law enforcement or judicial efficiency and the privacy interests of those resisting disclosure." *Id.* (internal quotation marks and citation omitted).

Here, Plaintiff seeks to seal a document that is not part of the record and played no role in this Court's exercise of its Article III judicial power, as the letter was filed after this case was closed. Indeed, this letter should not be part of the court record because the case is closed and Plaintiff's motion to reopen the action has been denied. Moreover, the Court finds that an open letter, addressed to an entire college community, filed in a closed case, should not be placed under seal. Accordingly, the Court denies Plaintiff's motion to seal the letter.

## CONCLUSION

The Court denies Plaintiff's motion to reopen the action (ECF 18) and motion to seal a letter (ECF 19). The Court also denies Plaintiff's motion for the appointment of *pro bono* counsel

5

as moot. (ECF 17.) The Court directs the Clerk of Court to lift the electronic restriction placed on the motion to seal. (ECF 19.)

This action is closed. If Plaintiff files future documents that are frivolous or meritless, the Court will direct Plaintiff to show cause why Plaintiff should not be barred from filing further documents in this action.

SO ORDERED.

Dated:   March 17, 2023
         New York, New York

                                             _____
                                                   Louis L. Stanton
                                                       U.S.D.J.